## Brown v. Louisville & Nashville Railroad Company.

(Decided September 26, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. New Trials—Error of Court in Granting May Be Reviewed.—In an ordinary action, when the trial court sets the verdict aside and grants a new trial, the party recovering the verdict may except to the ruling, prepare his bill of exceptions and transcript of the evidence, and prosecute an appeal to this court.

2. New Trials—Discretion of Court in Granting.—The granting of new trials is a matter largely within the discretion of the trial court, and unless it appears that this discretion has been abused it will not be interfered with; and this practice goes to the extent that the judgment granting a new trial will not be disturbed, although this court may be of the opinion that if the judgment had not been set aside it would affirm it.

3. Acceptance of Satisfaction of Second Judgment Does Not Bar Appeal from Error in Setting Aside First Judgment.—When the first verdict is set aside by the trial court and a new trial granted, if the plaintiff recovers a judgment on the second trial for a less

amount than he obtained on the first, he may accept satisfaction of the second judgment and prosecute an appeal to this court from the error in setting aside the first; and if this court sustains his contention, it may direct the entry of the first verdict, to be credited by the amount paid on the second.

ELMER C. UNDERWOOD for appellant.

HELM & HELM, B. D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, while handling freight as an employe of the appellee at its freight depot in Louisville, was injured in December, 1908, by a piano that slipped or fell from the truck upon which it was being moved. To recover damages for the injuries thus sustained, he brought suit, and upon a trial had in March, 1910, the jury assessed his damages at $5,321. A motion for a new trial was filed by appellee, and the court upon considering it, set aside the verdict and granted the appellee a new trial. In March, 1911, the case was again tried, and a verdict returned against appellee for $1,000, which amount it paid. To the ruling of the court in setting aside the first verdict, appellant excepted at the time, and tendered and filed in due time thereafter his bill of exceptions and transcript of the evidence; and, after judgment on the last trial was entered and the amount thereof paid he prosecuted this appeal, and now insists that this court should reverse the ruling of the trial court in ordering a new trial and direct that a judgment be entered on the first verdict for the amount thereof, to be credited by $1,000, the sum collected on the second verdict.

If the contention of counsel for appellant is well taken, that the court erred in setting aside the first verdict, the error may be corrected and relief afforded by directing the lower court to set aside the order granting a new trial and enter a judgment upon the first verdict, crediting it by the amount recovered on the second trial. Noland v. Standard Sanitary Mfg. Co., 111 S. W., 290; O'Connor v. Henderson Bridge Co., 95 Ky., 633; Civil Code, section 757. The trial court set aside the first verdict upon the ground that it was excessive, and although it is insisted by counsel for the appellee that other errors were committed on the first trial that entitled it to have the verdict set aside and a new trial

granted we do not deem it necessary to consider any question except the one relating to the amount of the recovery, because if the action of the trial court in setting it aside for this reason can be sustained it is not necessary to inquire into the other errors assigned in support of the ruling of the court in granting a new trial.

That appellant was quite severely injured is not seriously denied by counsel for appellee, nor are we prepared to say that if the trial court had overruled the motion for a new trial and the defendant below was here complaining of the amount of the verdict that we would disturb it on the ground that it was excessive. Our rule on questions like this is not to interfere with the finding of the jury in the assessment of damages unless it appears to be flagrantly against the evidence, when there has been a fair trial. But the question now to be considered is not confined to what our opinion may be as to the excessiveness of the verdict set aside, but depends rather whether the setting it aside was an abuse of discretion on the part of the trial judge. Under the settled practice the granting of new trials is a matter largely within the discretion of the trial court, and unless it appears that this discretion has been abused, or, to state it differently, not properly exercised, we do not feel disposed to interfere with it. In Pace v. Paducah Railway & Lighting Co., 28 Ky. Law Rep., 278, we said:

''It has been frequently pointed out by this court that the discretion of the trial court in granting a new trial, or in refusing it, is one that will not be disturbed by the appellate tribunal, except it is made to appear that it had been abused. The trial judge hears the evidence, as does the jury, and while the verdict is primarily that of the jury, still the trial judge's concurrence is necessary to its completeness as the basis of the judgment. He likewise hears the witnesses and has even a better opportunity, perhaps, for judging of the demeanor and surroundings as liable to improperly affect the result of the trial than the jurors themselves have. It is peculiarly his business to see that the trial is fair, and that the jury are not imposed upon either by prejudicial misconduct of parties or counsel, or having produced to them evidence under erroneous rules, as well as to see that they are not subjected to other improper influences in reaching their verdict. For a breach of any of these matters, as well as for his belief

that the verdict is contrary to the evidence, he may refuse to sanction it, and grant a new trial."

In Walls v. Walls, 30 Ky. Law Rep., 949, we said upon this subject:

"It has often been held that there is a material distinction in the grounds which will require the reversal of a judgment overruling a motion for a new trial and one granting a new trial. The circuit court hears the whole proceeding, and when, in his judgment, the ends of justice requires a new trial, his discretion in ordering a retrial of the case will not be disturbed, unless abused."

In Cochran v. Cochran, 29 Ky. Law Rep., 333, we said:

The court has a large discretion in the granting or refusing a new trial and this court will not interfere unless it appears that there was an abuse of that discretion. It has been said generally that the appellate court will not revise the discretion of the lower court in matters of this kind, certain it is that the right of revision will be exercised more freely by the appellate court where the trail court has refused than when it has granted a new trial."

In Floyd v. Paducah Railway & Light Co., 24 Ky. Law Rep., 2364, it is said:

"This court will not reverse for granting a new trial, although it would have affirmed the judgment if the circuit court had refused a new trial."

Numerous other cases might be cited in support of the practice laid down in the ones we have noticed, but these are sufficient to illustrate the settled practice of this court in dealing with cases in which it is sought to reverse the judgment of the lower court in granting a new trial. It follows from what we have said that if the trial court did not abuse a sound discretion in granting a new trial, we will not interfere with its ruling. We have carefully read the record and it does not seem necessary to relate the evidence showing the extent of appellant's injury, as we have reached the conclusion that the court did not abuse a sound discretion in ordering a new trial.

Wherefore, the judgment is affirmed.