## McLemore, et al. v. Evansville & Bowling Green Packet Company.

(Decided October 28, 1914.)

### Appeal from McLean Circuit Court.

1. New Trial—Discretion of Trial Court in Granting.—It is the universal rule of this court not to interfere with the discretion of a trial court in granting a new trial unless there has been an abuse of that discretion.
2. New Trial.—Several grounds for a new trial having been given, and the court failing to say upon which it was granted, this court cannot say that it was granted because of a mistaken idea of the law; but, on the contrary, will assume that it was because of a belief that substantial justice had not been done on the first trial.

JOE H. MILLER for appellants.

WM. B. NOE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant, Ruthie McLemore, instituted this action for damages against appellee alleging that she, while a passenger on one of its boats, was insulted and assaulted by one of the officers of the boat.

Upon the first trial she was awarded a verdict for $500; $250 as punitive and $250 as compensatory damages.

Upon its motion the company was granted a new trial, to which the plaintiff excepted; and on the second trial she was awarded a verdict for $200 as compensatory damages.

After the second trial the plaintiff entered a motion that the first verdict be substituted for the last, and a judgment thereon rendered accordingly, which motion the court overruled and entered a judgment on the last verdict, and from that action this appeal is prosecuted.

The motion for a new trial by the appellee, after the first verdict, was based upon four grounds:

First: That the instructions were erroneous; second, the evidence did not sustain the verdict; third, that the damages were excessive; fourth, because of newly discovered evidence.

It is not apparent from the ruling of the lower court upon which ground the new trial was granted; but it is

intimated in the opinion that he was not satisfied either with the instruction on punitive damages or the verdict which was based upon that instruction. It is plain, however, from his action on the second trial that he did not grant a new trial because of his belief that the punitive damage instruction was erroneous, for on the next trial he gave the same or a similar instruction.

It may be fairly inferred, therefore, that the lower court was of opinion that the damages were excessive and for that reason granted the new trial.

It is a universal rule of this court not to interfere with the discretion of the trial court in granting a new trial, unless there has been an abuse of that discretion. The trial judge is generally acquainted wth the parties and the witnesses, sees and hears them testify, and is familiar with occurrences upon the trial which can not be transmitted to this court in a written record.

But it is said for the appellant that the order of the lower court shows that a new trial was granted because of its belief that the punitive damage instruction was erroneous, and that in as much as it was not erroneous judgment should have been rendered on the first verdict; but, as we have seen, this position is clearly incorrect, for the court upon the next trial gave substantially the same instruction.

We are convinced from the record that the trial court granted a new trial because of its belief that substantial justice had not been done, and that being true we will not interfere with the discretion so exercised.

(See Norval v. Paducah Box & Basket Co., 157 Ky., 703, and authorities there cited.)

Judgment affirmed.