## Goff v. Hubbard, By, etc.

(Decided January 25, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Directing Verdict for One Defendant Does Not Prejudice Codefendant, where Jury Found in Her Favor.—Directing verdict in favor of one defendant held not to have prejudiced codefendant, in view of fact that jury found in her favor.
2. Appeal and Error—Question Arising on Judgment, from which no Appeal was Taken, is Not Before Reviewing Court.—Question arising on propriety of directing verdict for one of defendants is not before reviewing court for determination, where no appeal was taken from such judgment.
3. Appeal and Error—Circuit Court's Action in Passing on Motion for New Trial will Not be Disturbed, in Absence of Abuse of Discretion.—Circuit courts have wide discretion in passing on motion for new trial and action in such matters will not be disturbed on appeal, unless discretion is abused.
4. New Trial—Trial Court Properly Determined Verdict for Defendant, in Action for Injuries Inflicted by Automobile, was Flagrantly Against Evidence, Authorizing New Trial.—In pedestrian's action for injuries inflicted by automobile driven by defendant, trial court held not to have erred in holding that verdict

for defendant in first trial was flagrantly against evidence and in granting new trial.

5. Infants—Father Waives Right to Recover for Loss of Services of Minor by Bringing Suit in Minor's Name Seeking Recovery Therefor.—Father, by bringing suit in infant's name, seeking recovery for loss of services of minor in minor's favor, waives his right to recover therefor.

6. Municipal Corporations—Operator of Automobile Under Supervision of Agent is Principal Liable to Third Person for Injuries from Negligent Operation.—Operator of automobile is liable for negligent operation of car as applied to third persons, although operation was under supervision of agent during demonstration, and her reliance on assistance of agent constitutes no defense to action for injuries to third person resulting therefrom.

STATON & KEESEE for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Theodore Hubbard, an infant 17 years of age, in a suit by his father as next friend, recovered a judgment for $500.00 against Mrs. Hester Goff for injuries inflicted by an automobile driven by her. Mrs. Goff appeals.

In the petition one T. J. Williamson was also made a defendant. There were two trials in the court below. At the close of the evidence in the first trial the court gave a peremptory instruction in favor of Williamson and dismissed the petition as to him. Also in that trial the jury returned a verdict in favor of Mrs. Goff, which upon motion was set aside and a new trial granted, the second trial resulting as above indicated. Transcripts of the evidence in both trials are included in the bill of exceptions and it is now claimed by appellant that the court erred in awarding a new trial and not entering judgment upon the verdict in the first trial. She also relies on other errors as occurring on the second trial.

The facts are these: Mrs. Goff was a visitor at the home of T. J. Williamson, whose two sons ran a garage and automobile sales agency in the city of Pikeville, under the name of the Williamson garage. T. J. Williamson loaned money to his sons and, it is claimed, had a pecuniary interest in the business, though this is denied. Some time before the injury complained of the young men had sold a big six touring car and taken an old one in exchange, the father accepting the deferred purchase

money notes. The old car was left in the garage and sometimes used by the father's family; also it appears that he kept his own car at that place, and that one Fred Robinson was accustomed to acting as chauffeur for him and his family when called upon, though he had no regular employment for that purpose. At the time of the injury, which occurred on Sunday morning, Mrs. Williamson telephoned for Fred Robinson to bring the car down and take the family driving, which he did. After being out an hour or two they returned with the intention of going to Sunday school. Mrs. Goff did not care to go and Fred undertook to teach her how to drive the car. She says that the Williamsons had suggested selling her a car and that Fred proposed to teach her how to drive this one, and promised to throw the car out of gear if it appeared that there was danger of an accident; Fred's version being that she requested him to teach her. At any rate she took the seat at the steering wheel and guided the car, Fred being seated by her and assisting when passing traffic or turning the corners. After driving for a time she turned the intersection of Second and Pike streets; the car was moving slowly and Mrs. Goff was still at the wheel, and, according to all of the eyewitnesses save herself, was controlling its movements.

Shortly after the turn was made she lost control of the car, which swerved obliquely across to the left side of the street, and as it reached the curb she apparently became excited and placed her foot on the accelerator instead of the brake, causing it to run over the curbing and across the sidewalk. Hubbard and some companions were seated upon a bench upon the sidewalk by the Jefferson hotel reading a newspaper, and before he was aware of the presence of the car it was upon him and he was unable to escape. He was run upon, his leg fractured and he was otherwise seriously injured.

Mrs. Goff testifies that during the ride, Robinson, who was riding at her side, would reach over and guide the car when making turns at street intersections, and that he was doing so at the time of the accident, though she does not remember whether she retained hold on the steering wheel. She also thinks Robinson was controlling the foot brake.

Robinson says that, seated as Mrs. Goff was he could not and did not put his foot on the brake or accelerator, but that as the car swerved to the left he took hold of

the steering wheel and attempted to bring it to the right, but that Mrs. Goff retained her grasp and continued to turn it to the left, with the result stated *supra*.

It is argued, first, that the court erred to Mrs. Goff's prejudice in giving a directed verdict in favor of T. J. Williamson, it being her theory that she was but a guest in the car and that Robinson was the agent of Williamson. Without distinguishing the legal distinctions claimed by her, it is evident that she was not prejudiced by this ruling, as the first jury found in her favor. At any rate no appeal has been taken from that judgment, consequently that question is not before the court.

The next insistence is that the court erred in not entering a judgment on the first verdict, and in awarding a new trial thereon. It appears that the court granted the motion on the ground that the verdict was flagrantly against the evidence. It is a rule that circuit courts have a wide discretion in passing upon motions for a new trial and, unless abused, their actions in such matters will not be disturbed on appeal. Especially is this true where the motion is granted, as this court is somewhat more reluctant to reverse a judgment granting a new trial than it is in a judgment overruling such motion. At any rate the facts in this case are so obvious that we cannot say that the court erred in holding that the verdict in the first trial was flagrantly against the evidence. Conley v. Central Ky. Traction Co., 152 Ky. 764, and cases cited therein. See also citation, page 273 Civil Code.

No complaint is made of the instructions on the second trial except as to an allowance for special damages. As to this it was pleaded and proven that, aside from pain and suffering, the plaintiff's hospital and medical bills in having his injuries treated amounted to $259.00, and that he lost considerable time at the value of $1.50 per day. While the father is primarily liable for the expenditures made and is entitled to the services of his infant child, and may recover for these in a proper case, it is well settled that he may waive this in the latter's favor and that he does so when a suit is brought in his name seeking a recovery of such damages in favor of the infant.

It is argued that Mrs. Goff was but a guest learning to drive, and perhaps a prospective customer of the Williamsons, and that Fred Robinson was Williamson's

chauffeur, with full authority to control the movements of the car, and as such chauffeur had charge of it at the time; that he had promised Mrs. Goff to throw the car out of gear if it was apparent that an accident was about to occur while she was driving, and that if he had done this the accident would not have happened; that his negligence in not throwing the car out of gear was an intervening cause—the proximate cause—of the injury and excuses the operator, Mrs. Goff.

Admittedly plaintiff was injured by the negligent operation of the car Mrs. Goff was driving. In a direct action against her for his injuries it is no defense to say that she was ignorant of its management and control and was relying on the promise of Robinson to assist her in avoiding danger. If this was true and Robinson negligently failed to act at the time of danger he might be liable also. The same as to Williamson; if this was a demonstration of the car and Robinson as Williamson's agent permitted her to drive it under his supervision this might impose a liability on Williamson; but, as we have seen, Robinson was not sued and no appeal has been taken from the judgment dismissing the petition as to Williamson, hence we are not concerned with their liability. Certainly, in attempting to handle the machine herself, Mrs. Goff was a principal as to third parties. If she was so inexperienced in driving as to require the assistance of another person she became liable to third parties for the negligent operation of the car by herself and her assistant; and if by reason of the latter's failure to aid her in a critical moment she negligently ran the car into a third person it is no defense in an action by the latter to say that she was relying on the assistance of the chauffeur.

Wherefore, perceiving no error, the judgment is affirmed.