## DANIEL v. MORGAN et al.

Court of Appeals of Kentucky.
Dec. 21, 1951.

Lawrence S. Grauman, Charles Leibson, Louisville, for appellant.

Hubert T. Willis, Louisville, for appellees.

LATIMER, Justice.

Appellant, Lillian Daniel, filed suit on December 28, 1949 against appellees, Virgil D. Morgan and Arthur R. Morgan, partners doing business as V. D. Morgan Van Service and Storage Company, and Lon Nunn, an employee of the company, to recover damages for personal injuries sustained by her.

Summons issued against the defendants and the sheriff's return shows that each of the defendants was served in January 1950. After expiration of more than twenty days from the date of the service of summons the case was set at rules. No appearance having been made by any of defendants, the case was remanded.

On February 6 the case was again set at rules and called on February 10, 1950 at which time motion was filed for a judgment pro confesso. The motion was passed for hearing until February 17, 1950 at which time it was sustained and judgment pro confesso was entered. The cause was then passed until February 25, 1950 for the purpose of assessing damages. On that date, the court, after hearing testimony, entered judgment in the sum of $5,000 in the favor of appellant.

Nothing further was done about the judgment until May 1950 when execution issued with return of "no property found." On May 18, 1950 appellant filed an amended and supplemental petition in equity seeking a bill of discovery against the defendants.

Defendants say that this was the first information they had that judgment had been obtained. They then filed this action seeking to vacate the judgment. Demurrer was filed to this petition which was overruled. Petitioner then introduced proof in support of their petition. Upon calling the third witness the court announced: "I don't see any use in going ahead with this matter. I have reached a conclusion in it. I think the judgment ought to be set aside and provision made for immediate trial at the cost of defendant." Counsel for appellant took exception to this ruling and insisted that he wanted to proceed in the regular manner with the opportunity to introduce proof in opposition to the petition to vacate.

Order was then entered vacating and setting aside the judgment. Defendant appeals insisting: (1) that the court erred in overruling demurrer to the petition to vacate the judgment; (2) the proof introduced by plaintiffs did not warrant the court setting aside the judgment; (3) the court erred in peremptorily answering he was going to set aside the default judgment without giving defendant an opportunity to introduce proof in support of the petition to set aside the default judgment.

We deem it unnecessary to enter into an elaborate, separate discussion of each of the grounds advanced. We shall treat them more or less together as one overall proposition, keeping in mind the fundamental rule that the lower court has a large discretion in the matter of granting new trials and that this court will not interfere unless there has been an abuse of

that discretion and that there is less inclination to set aside a judgment granting a new trial than one refusing it. In Cherry Bros. v. Christian County, 146 Ky. 330, 142 S.W. 726, 727, we said: "The circuit court has a large discretion in the matter of granting new trials, and our rule is to give much greater weight to an order of the circuit court granting a new trial than one refusing it; for the reason that he sees and hears the witnesses, and there may be reasons inducing him to believe that justice has not been done, which may not fully appear to us from the transcript. The granting of a new trial leaves the parties where they were."

See also McLemore v. Evansville & Bowling Green Packet Company, 160 Ky. 566, 169 S.W. 1006; Beall v. Louisville Home Telephone Company, 166 Ky. 345, 179 S.W. 251; Goff v. Hubbard, 217 Ky. 729, 290 S.W. 696, 50 A.L.R. 1382.

Appellees have injected herein, by brief, an allegedly purposeful delay on part of appellant in obtaining execution on the judgment, and something about attorney for appellant having been in conference with adjustors of appellee's insurance carrier relative to a settlement of the matter after suit had been filed, without any intimation that suit had been filed. It is shown by proof in support of petition for new trial that appellees informed their insurance carrier of the accident and that soon thereafter their insurance adjustor contacted attorney of appellant in pursuance of a settlement. The proof shows that appellees directed that a letter be mailed to the insurance company informing it that a suit had been filed and that same was done, and that afterwards upon inquiry as to the progress of the matter, the insurance carrier replied that it was in the process of and would be settled. However, the insurance company denied receiving a letter informing it of a pending suit. Under the above state of facts, it is readily observable that the insurance carrier could have been making ef-fort to adjust and settle the matter without knowledge of a pending suit and at the same time the defendants, relying on the knowledge that they had directed a letter to the insurance carrier with the subsequent information that the insurance carrier was making efforts to and did believe that the matter would be settled, could have reasonably believed the insurance carrier was caring for same.

We are impressed by the statement of the court made while the hearing was in progress. In response to appellant's question, "You mean you don't want to hear our proof?", the court said: "No, I think that is the gist of it. It all comes down to a technical question and, taking into consideration the whole thing, an overall view, the size of the judgment, the fact that there was no defense offered, no cross examination or anything, and the fact that the judgment, with malice aforethought, made liberal."

However, the court inquired as to the nature of proof to be offered, and when informed that they wished to be heard on the question of diligence on the part of the plaintiff, the court said: "A survey of the situation, the facts regarding the rendition of the judgment, the attitude of the insurance company as stated by its representative, the effect that the upholding of the judgment would have on everybody, including the plaintiff, I think that the substantial justice of the matter, as the situation has already been fully developed to my satisfaction, requires that the judgment be vacated and that the plaintiff be given an immediate trial, at the cost of the defendants, of course."

On the basis of the above, we can by no means say that the court has abused its discretion, and especially so when the parties are neither victimized nor prejudiced in their rights. If entitled to reasonable and proper damages, appellant will have full opportunity to be heard.

The judgment is affirmed.