## SPENCER v. MATTHEWS.

Court of Appeals of Kentucky.
March 28, 1952.

Terry L. Hatchett, Glasgow, for appellant.

Brents Dickinson, Jr., Glasgow, Coleman, Harlin & Orendorf, Bowling Green, for appellee.

CULLEN, Commissioner.

James Spencer, standing in the front yard of a farmhouse in which he lived as a tenant farmer in the employ of J. Carl Matthews, was injured when Matthews, whose automobile had been parked along the highway, backed it into the yard for the purpose of turning around. The accident caused a separation of an old fracture of Spencer's left leg.

In an action against Matthews, the jury returned a verdict for Spencer in the amount of $1,500. Appealing from the judgment entered on the verdict, Spencer claims inadequacy of the award of damages. In addition to claiming inadequacy per se, he contends that by misconduct of the defendant's attorney, by failure of the court to give a peremptory instruction on the question of liability, and by an erroneous instruction emphasizing plaintiff's previous injury, the jury was wrongfully influenced to minimize the damages.

Spencer had suffered a compound fracture of his leg about three years before the accident in question. The injury had caused a slight shortening of the leg, and up until a week or two before the second accident he had worn a metal brace. Following the second accident, he was totally disabled for a period of six months. A steel plate was placed in his leg, to strengthen it at the point of the fracture, and Spencer testified that the plate, being sensitive to heat and cold, caused him severe pain in cold weather. There was no evidence that the second fracture caused

any further shortening of the leg, and there was some evidence that the leg, due to the insertion of the steel plate, was stronger than before.

Spencer was 28 years of age at the time of the accident, and had been working for several years as a farm laborer. In Matthews' employ his earnings approximated $82 per month. The medical testimony indicated that his permanent disability would be from 10 to 15 percent, but the doctors agreed that he had some disability prior to the second fracture, and their testimony is ambiguous as to what portion of his disability is attributable to the second fracture.

The medical and hospital bills amounted to $385.30. Admittedly there was some pain and suffering.

■ On the evidence alone, we can not say that the allowance of $1,500 for medical and hospital bills, pain and suffering, loss of earnings, and permanent impairment of the power to earn money, is so inadequate as to indicate that the verdict was given under the influence of passion or prejudice. However, the verdict is a modest one, and we are induced to examine the proceedings during the trial to see whether the small amount of the verdict was the result of any prejudicial influences.

In his argument to the jury, the defendant's counsel said: "Gentlemen of the jury, and ladies of the jury, the defendant J. Carl Matthews, is a man who has been industrious and has been frugal and has saved his money. The plaintiff is a fellow who has not. The plaintiff, James Spencer, is the kind of man who smokes cigarettes in bed. He gets drunk and gets put in jail. He does not do good work. He ran off and left his job in Warren County last year. He leaves home and stays gone and his wife does not know where he is. You should not take money from a man like Carl Matthews, who has saved his money, and give it to a worthless man like Jim Spencer. If you do give him any money in this case, it will do him no good. He will just take off and stay gone until he has thrown it away and spent it on whiskey and running around".

An objection to this argument, and a request for an admonition, was made but was overruled, and no admonition was given.

■■ We consider this argument highly improper and prejudicial. Its only purpose could have been to prejudice the jury against the plaintiff. There was no evidence that Spencer got drunk or spent his money on whiskey. There was evidence that he was in jail on one occasion, but the charge was not shown. Although there was evidence that he at one time did not complete a contract of tenancy in Warren County, Matthews' testimony was that Spencer's work for him was satisfactory. Evidence as to Spencer's smoking cigarettes in bed was brought out in connection with the fact that on the morning of the accident, the farm house had caught fire; there being an apparent attempt on the part of Matthews' counsel to show that Spencer's negligence caused the fire. Such evidence had no place in the case and should not have been admitted.

We think the jury very well may have been influenced, by the improper argument, to consider factors other than the competent evidence in the case, and may have been prejudiced against the plaintiff to the extent of giving him only a minimum award of damages. This error requires that the judgment be reversed.

■ The appellant contends that he was entitled to a peremptory instruction on the question of liability, and the failure to give such instruction prejudiced him in regard to damages, by inducing the jury to compromise on the issues of liability and damages. There was evidence that at the time Matthews started his automobile, Spencer was standing to one side looking at the automobile, and when Matthews began to back the car into the yard, Spencer turned his back and walked into the path of the car. In view of this evidence Spencer was not entitled to a peremptory instruction.

The appellant further contends that the instructions were erroneous, in giving undue emphasis to the previous injury. Instruction No. 2 authorized the jury to

award such damages as the plaintiff may have sustained "as a direct result of his said injury." Instruction No. 3 directed the jury not to allow damages on account of any injuries caused "at some other time or by some other means," but only to find such damages "as you may believe plaintiff sustained on account of the injury which he sustained by being struck by defendant's car at the time herein testified to."

Instruction No. 3 followed closely the form set out in Stanley's Instructions to Juries, Sec. 323, page 400, and in view of the evidence as to the previous fracture of the plaintiff's leg we think the instruction properly was given.

The judgment is reversed for proceedings consistent with this opinion.