CITY OF LOUISVILLE, a Municipal Corporation, Appellant,

v.

Agnes ALLEN, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1964.

Eugene H. Alvey, Director of Law, Chester A. Vittitow, Jr., Asst. Director of Law, Louisville, for appellant.

Leibson & Leibson, C. M. Leibson, Louisville, for appellee.

CLAY, Commissioner.

Plaintiff appellee sued defendant appellant, City of Louisville, for personal injuries allegedly sustained by her when she fell upon a sidewalk, which she claims was maintained in a defective condition. Two trials were had before a jury. The first trial resulted in a verdict for $250. A new trial was granted on plaintiff's motion, and on the second trial, limited to damages only, a verdict for $12,000 returned.

Defendant contends the trial judge erroneously granted plaintiff a new trial, but if not, he erroneously limited the new trial to the question of damages only. We believe defendant's alternative position is a sound one.

It is apparent the trial court awarded plaintiff a new trial on the ground that the damages were inadequate.[1] We need not detail the evidence of plaintiff's injuries. Special damages came to approximately $146 and the award for pain and suffering was a little over $100.

We will first address ourselves to the problem of the proper approach an appellate court should take in reviewing an order of the trial court granting a new trial on the ground of inadequate or excessive damages. It essentially involves how much weight is accorded the determination of the trial judge that justice requires a retrial. This Court has consistently recognized that the trial court exercises some degree of "discretion" in passing upon a motion for a new trial.

---

1. Though it was not done here, a proper order granting a new trial should specify the ground or grounds sustained. Both the litigants and this Court are entitled to know the basis of the ruling.

In one of our earlier opinions, Brown v. Louisville & N. R. Co., 144 Ky. 546, 139 S.W. 782, 783, we observed:

"Under the settled practice, the granting of new trials is a matter largely within the discretion of the trial court; and, unless it appears that this discretion has been abused, or, to state it differently, not properly exercised, we do not feel disposed to interfere with it. In Pace v. Paducah Railway & Lighting Co., 89 S.W. 105, 28 Ky.Law Rep. 278, we said: 'It has been frequently pointed out by this court that the discretion of the trial court in granting a new trial, or in refusing it, is one that will not be disturbed by the appellate tribunal, except it is made to appear that it has been abused. The trial judge hears the evidence, as does the jury, and, while the verdict is primarily that of the jury, still the trial judge's concurrence is necessary to its completeness as the basis of the judgment. He likewise hears the witnesses and has even a better opportunity, perhaps, for judging of the demeanor and surroundings as liable to improperly affect the result of the trial, than the jurors themselves have. It is peculiarly his business to see that the trial is fair, and that the jury are not imposed upon either by prejudicial misconduct of parties or counsel, or having produced to them evidence under erroneous rules, as well as to see that they are not subjected to other improper influences in reaching their verdict. For a breach of any of these matters, as well as for his belief that the verdict is contrary to the evidence, he may refuse to sanction it, and grant a new trial.' "

Of particular significance is the further observation:

"Our rule on questions like this is not to interfere with the finding of the jury in the assessment of damages un-

less it appears to be flagrantly against the evidence, when there has been a fair trial. But the question now to be considered is not confined to what our opinion may be as to the excessiveness of the verdict set aside, but depends rather upon whether the setting it aside was an abuse of discretion on the part of the trial judge."

█ Subsequent decisions have restated the following propositions: (1) the matter of granting a new trial is within the discretion of the trial judge, (2) he will not be reversed on appeal unless there is an abuse of discretion, (3) the appellate court is more reluctant to reverse an order granting a new trial than one denying it. Cherry Bros. v. Christian County, 146 Ky. 330, 142 S.W. 726; McLemore v. Evansville & Bowling Green Packet Co., 160 Ky. 566, 169 S.W. 1006; Beall v. Louisville Home Telephone Co., 166 Ky. 345, 179 S. W. 251; Chesapeake & O. Ry. Co. v. Stone's Adm'r, 200 Ky. 502, 255 S.W. 134; Goff v. Hubbard, 217 Ky. 729, 290 S.W. 696, 50 A.L.R. 1382; Perry v. City of Cumberland, 312 Ky. 375, 227 S.W.2d 411; Daniel v. Morgan, Ky., 244 S.W.2d 752; Taulbee v. Mullins, Ky., 336 S.W.2d 597. (Not all of the above cases involve excessive or inadequate damages, but the same principles were applied.)

In the Brown case (above quoted), and in Beall v. Louisville Home Telephone Co., 166 Ky. 345, 179 S.W. 251, and Perry v. City of Cumberland, 312 Ky. 375, 227 S.W. 2d 411, we stated the question was not whether we would independently reach the same conclusion as the trial judge but whether he had abused his discretion. However, in those cases, as well as in all the others cited, this Court had carefully examined the record to determine whether it reasonably justified the trial court's ruling.

In Burton v. Spurlock's Adm'r, 294 Ky. 336, 171. S.W.2d 1012, it was said the record must disclose a "sound reason" for the ruling, and in Gottsegen v. Wilson, 278 Ky.

734, 129 S.W.2d 575, we required a "substantial reason".

Commonwealth Dept. of Highways v. Citizens Ice & Fuel Co., Ky., 365 S.W.2d 113, went a step further. The circuit court had granted a new trial for inadequacy of damages in a condemnation case where the only issue tried was that of just compensation. Treating the question as one involving the sufficiency of the evidence to warrant the verdict, we said it was *not* "a matter of discretion". We then reviewed the evidence and applied the same standards as those which would have been applied if the right to a new trial had been presented as an original proposition. Finding the evidence justified the original verdict, we held the trial court erred in granting a new trial. (Reference to this case will be made later in the opinion.)

The difficulty lies in what is meant by the use of the term "discretion" or "judicial discretion". Properly defined, the trial court does have some discretion in granting a new trial and his ruling, both as a practical and a legal matter, carries some weight upon appellate review. The following definitions are helpful in reaching a workable understanding of the term:

" 'Discretion' of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide and act in accordance with what is fair, equitable, and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided by the spirit, principles, and analogies of the law, to be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law." In re Welisch, 18 Ariz. 517, 163 P. 264, 265. (Quoted in Bowman v. Hall, 83 Ariz. 56, 316 P.2d 484, 486.)

"This discretion, when applied to a court of justice, means sound judicial discretion guided by law. It must be governed by rule, and not by humor.

It must not be arbitrary, vague, and fanciful, but legal and regular. It may not be granted or refused at the mere will or pleasure of the judge, but he is to exercise a sound judicial judgment, in the interest of justice and prudence." Watt v. Stanfield, 36 Idaho 366, 210 P. 998, 1000.

"Discretion implies that in the absence of positive law or fixed rule the judge is to decide a question by his view of expediency or of the demand of equity and justice. (Bowers, 'Judicial Discretion of Trial Courts,' 1931, § 10, pp. 14, 15.) The term implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason." People v. Surplice, 203 Cal.App.2d 784, 21 Cal.Rptr. 826, 831.

"Discretion is not a judge's sense of moral right; neither is it his sense of what is just. He is not clothed with a dispensing power or privileged to exercise his individual notions of abstract justice. With him there is no scope for judicial caprice. Principles of law are to be ascertained and followed. Justice is administered in the courts on settled and fixed principles." In re Bond's Guardianship, 251 App.Div. 651, 654, 297 N.Y.S. 493, 496.

"Discretion presupposes the right on the part of the trial judge to adopt one of two or more different conclusions on the facts before him, if such conclusion could have been reached by a reasonable man on the evidence." Ramsey Trucking Co. v. Mitchell, 188 Cal.App. 2d Supp. 862, 11 Cal.Rptr. 283, 285.

"In a multitude of cases it has been said that the decision of the question whether a new trial should be granted for excessive or inadequate damages, or for other reasons, is within the 'discretion' of the trial judge. * * * 'Discretion' in this connection does not

mean wilful or arbitrary decision. The 'discretion' meant is 'judicial discretion,' which 'imports the invocation by a clear and trained mind of reason, courage, impartiality and conscience to accomplish in a calm spirit a result in conformity to law and just and equitable to all parties.' Kravetz v. Lipofsky, 294 Mass. 80, 83, 200 N.E. 865, 867." Bartley v. Phillips, 317 Mass. 35, 57 N.E.2d 26, 30.

■ As these definitions intimate, the "discretion" which the trial judge may exercise in passing on a motion for a new trial is nothing more or less than the right to reach a reasoned conclusion. The decisional aspect of his judicial function is involved.[2] The intangible factor which does not appear on the record is his judicial sense of what is right, fair and just. It may be said that the trial judge exercises some "discretion" when he makes a finding of fact[3] or grants an injunction. Implicit in the exercise of "discretion" is a choice between two or more legally acceptable alternatives.

Assuming then that the trial judge does exercise such "discretion", what is the proper scope of appellate review?

The federal courts have experienced difficulty in solving this problem. At one time the doctrine was generally accepted that a Circuit Court of Appeal *would not review* the matter of excessiveness or inadequacy of damages which had been raised in the trial court on motion for a new trial. There has been a shift away from this doctrine and the federal appellate courts generally do review the ruling on the "abuse of discretion" ground. The matter is discussed at length in Moore's Federal Practice, 2d Ed., Vol. 6, section 59.08(6) (page 3821 et seq.).

A recently expressed view of a federal court which had theretofore followed a policy of nonreview is as follows:

"We do emphasize again, however, that in our opinion, inadequacy or excessiveness of a verdict is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and which knows the community and its standards; that this is a responsibility which, for better working of the judicial process and for other seemingly obvious reasons, is best placed upon its shoulders; and that we shall continue to consider review, as we have said before, not routinely and in every case, but only in those rare situations where we are pressed to conclude that there is 'plain injustice' or a 'monstrous' or 'shocking' result. Perhaps this is saying nothing more and nothing different than what the other courts of appeals have said in varying language. Perhaps in practice this court has observed a somewhat tighter standard than the others." Solomon Dehydrating Co. v. Guyton (CA 8), 294 F. 2d 439, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192.

This view may accord too much weight to the decision of the trial court, but at least it expresses a sound reason why some consequence must be accorded its decision. A more generally acceptable conclusion is the one reached by Professor Moore, which is:

"It serves to emphasize the initial and primary role of the trial judge in determining these issues; that his decision shall be *prima facie correct* and final; and that only in rare instance

---

2. In Davis v. Commonwealth, 290 Ky. 745, 162 S.W.2d 778, 780, we said *this court* was exercising a "judicial discretion" when passing upon the question of whether the verdict was against the weight of the evidence.

3. In Bartley v. Phillips, 317 Mass. 35, 57 N.E.2d 26, it was said that in essence the exercise of discretion upon a motion for a new trial because of excessive or inadequate damages is the decision of a question of fact.

when it can be said that he *has clearly erred,* i. e., abused his discretion, will he be reversed." (Our emphasis.) Moore's Federal Practice, Vol. 6, section 59.08 (page 3829).

■ We thus may bring the matter into focus. On review the appellate court is searching for errors of law. An abuse of discretion may be said to be an error of law. Boyle v. Bond, 88 U.S.App.D.C. 178, 187 F.2d 362, 363.

In the field of decision making where many factors are involved there cannot be a clear-cut line between the right and the wrong. The intermingling of various considerations, with varying persuasive values, results in a decision one way or another. Just as in making a finding of fact, we must recognize that the trial judge has an area of choice. This is part of his judicial function. The administration of justice demands respect for his judgment within this area.

■ As a practical matter an appellate court accords weight to and is inclined to follow decisions of the trial judge. Consciously or unconsciously, his decision is presumed correct. It will not be overturned if it can be sustained. As observed by Professor Moore, a showing must be made that he has "clearly erred".

■ With the foregoing concept of "discretion" and "abuse of discretion" (perhaps better terminology could have been selected but it is too late to change it), we return to our long recognized approach to the trial court's ruling on a motion for a new trial. As reiterated in Brown v. Louisville & N. R. Co., 144 Ky. 546, 139 S.W. 782; Beall v. Louisville Home Telephone Co., 166 Ky. 345, 179 S.W. 251; and Perry v. City of Cumberland, 312 Ky. 375, 227 S.W.2d 411, we do not consider the question of inadequacy of damages on the first trial independently of the trial court's order granting a new trial. His ruling involves something more than the narrow issue of whether there is substantial evidence to support the verdict. His order is presumptively correct. If there is doubt about the correctness of his ruling, it must be upheld. If the record supports his ruling, it will not be reversed. Even if in our opinion the record would more strongly support a different conclusion, if there is substantial reason for his decision, then he has not clearly erred.

To the extent Commonwealth Dept. of Highways v. Citizens Ice & Fuel Co., Ky., 365 S.W.2d 113, prescribes a different avenue of approach, it is overruled.

■ With the foregoing principles in mind, we have examined the record to determine if the trial court committed error in granting a new trial for inadequacy of damages. We will not detail the evidence of injury. We need only say that the finding of the trial court that the allowance for pain and suffering was inadequate, assuming this to be a case of liability, was amply justified. In addition to the nature of the proof concerning plaintiff's injuries, certain questionable aspects of the evidence support the trial court's conclusion that the jury may have been misled on the issue of damages. We cannot find the trial judge abused his discretion or clearly erred in granting a new trial.

■ The next question is whether it was error to limit the new trial to the issue of damages only. While here again the trial judge exercised discretion, the area of choice is much more restricted and calls for closer scrutiny. The reason is that in granting a new trial on all issues, the court places the parties in statu quo, but in accepting the verdict on the question of liability, he is making final this ultimate determination of the parties' rights.[4] We

---

4. One of the reasons for allowing the trial judge some latitude in granting a new trial is that the relative rights of the parties existing at the initiation of the lawsuit are preserved intact.

are of the opinion that the court clearly erred in limiting the scope of the new trial.

The decision of the trial judge to grant a new trial because the damages were inadequate must have stemmed from his conviction that the verdict resulted from improper considerations on the part of the jury. It reasonably may be inferred that such considerations would affect the jury's decision on the issue of liability. A compromise verdict is strongly indicated. We have consistently taken the view that where a new trial is granted for inadequacy of damages, the issue of negligence should likewise be resubmitted because of the interrelation of both issues. Allen v. Large, Ky., 239 S.W.2d 225; Smith v. Webber, Ky., 282 S.W.2d 346. The reason for this rule is well stated in Allbee v. Berry, 254 Iowa 712, 119 N.W.2d 230, 234:

"A new trial should never be ordered on the issue of damages alone where there is ground for suspicion that some of the jurors have conceded liability against their judgment in return for a reduction in the estimate of the amount of damages by others. Under such circumstances a new trial upon the issue of damages alone would be a serious injustice to the defendant. He is entitled to have the issue of liability determined by the conscientious conviction of all jurors before the question of damages arises."

See also 66 C.J.S. New Trial § 11(5) (page 98).

Of course this principle would not apply if there was not a substantial issue of liability. But here there was.

In our opinion justice demands that both parties have a new trial on all of the material issues raised. We may observe that the failure of the trial court to so provide resulted in what we are inclined to believe, though we do not decide, was an excessive verdict of $12,000.

Since there was evidence that some of plaintiff's complaints may have resulted from a pre-existing condition, if the evidence is similar on another trial, an instruction substantially in the form set forth in Stanley's Instructions to Juries, Vol. 1, section 323 (page 55), should be given. See Spencer v. Matthews, Ky., 247 S.W.2d 515.

The judgment is reversed for further proceedings consistent with this opinion.