**Bill (William) MAY, Appellant,**

v.

**Rosa FRANCIS, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1968.

David O. Welch, H. Gene Baldridge, Dysard, Johnson & Welch, Ashland, Arnett Mann, Salyersville, for appellant.

Earl R. Cooper, Salyersville, for appellee.

CLAY Commissioner.

This is an automobile accident case in which plaintiff appellee, her husband and three of her children were injured. At the first trial the jury found appellant negligent and awarded damages to all of the plaintiffs (totaling $10,000). The award to appellee was $2,000. The trial court granted appellee a new trial on the ground the damages were inadequate. On a new trial the jury awarded her $10,000, plus her medical expenses of $361.41.

■ Appellant's first ground for reversal is that the court erroneously granted appellee a new trial. We do not deem it necessary to detail the nature of the injuries sustained by her. While the question of inadequacy is not free from doubt, we have recognized the trial judge has some discretion in granting a new trial on such ground. City of Louisville v. Allen, Ky., 385 S.W.2d 179. We do not find an abuse of discretion.

Appellant further contends that the $10,000 verdict was excessive. It is not necessary to decide this question since we have determined that appellant was entitled to a new trial because of improper argument to the jury.

The principal objection to the argument was the allusion to what we have described as the "Golden Rule". That is the kind of argument which calls upon the jury to put itself in the place of the injured plaintiff and to award damages based upon what the jurors would consider themselves entitled to. Appellee's counsel made the following statements:

> "As I say, we don't know how to measure pain and suffering except to just put yourself in the position Mrs. Francis is in. How much, oh, how much would it have been worth to you—"

Upon objection, the court said:

> "I don't believe it is proper."

Thereupon appellee's counsel said:

> "Well, that is the only way I know that you are going to measure it, is to measure it by your own suffering."

Upon objection and motion to discharge the jury, the court said:

"The jury won't consider that."

Although there was a form of an admonition, it is apparent that appellee's counsel was deliberately injecting a criterion for determining damages which we have consistently condemned. Southern-Harlan Coal Co. v. Gallaier, 240 Ky. 106, 41 S.W.2d 661; Murphy v. Cordle, 303 Ky. 229, 197 S.W.2d 242; Stanley v. Ellegood, Ky., 382 S.W.2d 572. As noted in the last case, we are confronted with the question of whether or not this argument was sufficiently prejudicial to warrant reversal. Standing alone it might be questionable that such argument would unduly influence the jury. However there were other statements made in the argument which called the jurors' attention to matters not properly within the scope of such argument.

Though there was no issue of liability, appellee's counsel several times referred to the accident in such a way as to suggest that appellant should be punished for his negligence. He also made the following remarks:

"* * * if you will go there with me for a few minutes up there to that Salyers Branch hill, and in your imagination as you could see automobiles smashed together, a woman sitting there in that automobile, the blood flowing down from her forehead, down over her clothing, a large cut around the back of her leg, there in all that blood, mangled and bruised, as the doctors tell you, you will see, ladies and gentlemen of the jury, and imagine in your own imagination something about how terrible it would have been. You would probably have turned your back, you wouldn't have wanted to look upon it, because it was such a bloody scene."

\* \* \* \* \* \*

"The other night I never closed my eyes until five o'clock becuse I couldn't get enough pain tablets into my system to kill the pain I was having. I thought then 'Oh, how much would I give if I could just have ten minutes of ease and comfort' * * *."

 The award of the second jury was $8,000 more than allowed by the first jury, and while we are not passing on the question of excessiveness, the damages allowed were certainly substantial. In the light of this verdict, it is our opinion that the improper arguments of appellee's counsel did have the intended effect of unduly influencing the jury. We think in fairness appellant is entitled to a new trial on the issue of damages.

The judgment is reversed, with directions to grant appellant a new trial.

All concur except OSBORNE, J., not sitting.