**J. B. WILLIAMS, Appellant,**

**v.**

**Billy SHEPHERD, Appellee.**

Court of Appeals of Kentucky.

March 27, 1970.

Earl R. Cooper, Salyersville, W. A. Johnson, Johnson & Johnson, Paintsville, for appellant.

Robert J. Greene, Perry & Greene, Paintsville, for appellee.

NEIKIRK, Judge.

Appellee Billy Shepherd, at a second trial, obtained a $7,000 judgment against the appellant, J. B. Williams, for personal injuries sustained in an automobile accident. Williams conceded negligence. The amount of damages was the only issue submitted at each trial.

The first trial resulted in a jury verdict in favor of Shepherd in the amount of $2,-396. The trial court sustained Shepherd's motion for a new trial and entered the following order:

"The motion and grounds for a new trial and or judgment NOV having come on

to be heard, the Court adjudges that the Plaintiff, Bill Shepherd, be and is entitled to a new trial on the issue of damages only and this case is assigned for trial for that purpose only.

"The motion as to the other plaintiffs are hereby overruled."

At the second trial, the jury returned its verdict for $7,000, and judgment was entered accordingly. Williams filed a motion for judgment n. o. v. for reinstatement of the first verdict or for a new trial. The trial court overruled this motion. Williams appeals.

The questions presented to us on this appeal are: (1) Did the trial court abuse its discretion in granting to Shepherd a new trial in the first instance based on the inadequacy of damages? (2) If not, was the $7,000 verdict obtained at the second trial excessive?

Appellee Shepherd sustained bruises to his chest, left leg, and stomach region. He also received a cut through his lower lip and an incomplete fracture of the ninth rib. The cut lip required five stitches on the outside and three on the inside. He was hospitalized for two weeks and did not return to work for fourteen weeks. He saw the doctor four times after he was released from the hospital. His medical expenses amounted to $361. His most serious injury was the cut lip. He has a ragged scar three-fourths of an inch in length on his lip. He claims the scar causes pain and numbness when exposed to the cold and that it adversely affects his ability to drink liquids.

Shepherd was a construction electrician. He testified that his income was about $8,000 to $9,000 a year, and that he earned $5.45 per hour and $10.90 per hour for overtime. Because of the nature of his work, he did not work every day but "missed a few days now and then." He

stated that he was paid only when he worked, and worked only when he was needed. He further pointed out that the weather affected the number of his work days. He was laid off at the time of the accident but had a referral from his union to report on another job on the following Monday.

Shepherd received no permanent disabling injuries. He doubtless suffered pain. He did suffer impairment of his earning power for some time. He was entitled to recover for his medical expenses. The placing of a monetary value on all of this was submitted to the jury. The award of the jury on the first trial was not so meager as to strike us at first blush as being grossly inadequate.

The granting of a new trial by the trial court is an exercise of judicial discretion. The decision of the trial court will not be disturbed unless an abuse of discretion is shown. Sanders v. Drane, Ky., 432 S.W.2d 54; Vaughn v. Blackburn, Ky., 431 S.W.2d 887; City of Louisville v. Allen, Ky., 385 S.W.2d 179.

The only possible reason on which the trial court granted the new trial was the inadequacy of the damages. The trial court thus substituted its findings and judgment for that of the twelve jurors. The trial court doubtless felt at first blush that the verdict of $2,396 was grossly inadequate. The jury had the right to determine the monetary value of the loss of wages, pain suffered, and medical treatment sustained by Shepherd as a result of the accident. The jury could well have believed that Shepherd could have returned to work long before the expiration of the fourteen weeks. The jury could have believed that Shepherd was building up damages in contemplation of this lawsuit. The jury saw the scar on Shepherd's lip. The composite opinion of twelve persons determined the extent and value of this type of injury. The jury measured the

**408**

claim for pain and suffering. The verdict of the jury was within the scope of the pleadings, evidence, and instructions, and the amount of the verdict was not so inadequate as to show passion and prejudice. We conclude that in the instant case the trial court abused its discretion in substituting its opinion and judgment for that of the jury.

Appellee Williams points out that this court held in May v. Francis, Ky., 433 S.W.2d 363, that we could not say that a trial court abused its discretion in setting aside a $2,000 verdict and granting a new trial. Williams also points out that in McBride v. Moss, Ky., 437 S.W.2d 726, we approved the trial court's action in setting aside a verdict in the amount of $2,493.80.

In May, supra, we did not detail the nature of the injuries sustained, but stated, "We do not find an abuse of discretion."

In McBride, supra, there was ample evidence to prove permanent bodily injuries, as well as permanent impairment of earning capacity.

May and McBride, supra, do not persuade us to find in the instant case that the trial court did not abuse its discretion.

The totality of the case governs our review of the trial court's actions. After careful review of all of the evidence in the instant case, we find that the trial court erred in granting a new trial at the conclusion of the first trial.

We do not decide the question of the excessiveness of the $7,000 verdict in the second trial as we have determined that the trial court erred in granting a new trial at the first trial.

The judgment is reversed, and the trial court is directed to reinstate the verdict reached by the jury at the first trial.

All concur.