**LOUISVILLE MEMORIAL GARDENS, INC., Movant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Respondent.**

Supreme Court of Kentucky.

Sept. 11, 1979.

Albert F. Reutlinger, Louisville, for movant.

Ed W. Hancock, Asst. Atty. Gen., Dept. of Transp., Frankfort, Jack M. Lowery, Jr., Louisville, for respondent.

REED, Justice.

This is a condemnation action. The Commonwealth took about 1.09 acres of movant cemetery's land for a highway improvement project. The Jefferson County Court adjudged that the Commonwealth could take possession of the land upon payment of $159,500.00, the amount awarded by the county court's appointed appraisers. In September 1970, the cemetery appealed to the Jefferson Circuit Court on the ground that the county court's award was inadequate.

After the dispute reached circuit court it was tried three times. The first trial was aborted upon joint motion of the adversary parties. The second trial resulted in a jury award of $119,000.00, but the trial judge set aside the jury verdict and granted the cemetery's request for a new trial. The third trial ended with a jury award of $207,-000.00. From a judgment in accordance with this result, the Commonwealth appealed to the Court of Appeals where the judgment was reversed with direction that the judgment entered in the second trial in the amount of $119,000 be reinstated. We granted the cemetery's motion for discretionary review of the decision of the Court of Appeals. We affirm the decision of the Court of Appeals for the reasons later stated.

The Court of Appeals agreed with the Commonwealth's contention that the trial judge erred in granting the cemetery's motion for a new trial made at the conclusion of the second trial. The Court of Appeals stated the basis for its decision: "The verdict of the jury is within the range of the values testified to by the witnesses. . . . The verdict of the jury at the second trial being within the scope of the evidence and being not so inadequate as to show passion and prejudice, the trial court abused its discretion in substituting its judgment for that of the jury." We agree that the trial court committed reversible error in voiding the verdict rendered at the second trial, but for a different reason from that expressed by the Court of Appeals.

When all the side skirmishes are put aside, the decisive consideration appears clearly. That decisive consideration is the action of the trial court in assuming to assess the credibility of the testimony of the Commonwealth's appraisal witness, McDonogh, when the assessment of the weight to be afforded to his evidence was left to the province of the jury.

McDonogh in 1969 appraised the difference in market value before and after taking at approximately $158,000. At the second trial in 1972 he had reduced his appraisal of this difference to approximately $80,000. This changing of McDonogh's conclusion was fully explored on cross examination. The jury was given the full picture. The trial judge did not strike this testimony nor did he admonish the jury not to consider it.

At the conclusion of the third trial, the trial judge overruled the Commonwealth's motion for a new trial and filed a written statement in which he specified his reasons for granting a new trial at the conclusion of the second trial.

In this statement the trial judge stated: "I granted a new trial in this case because the amount of the verdict was substantially less than the $159,000 awarded by the commissioners; and secondly, because of the lack of credibility of the Highway Department's witnesses. The principle [sic] witness for the Highway Department, as far as I am concerned, is a thoroughly discredited witness who has shown in this case a willingness to prostitute himself at the behest of the Highway Department . . . ."

This court discussed the reviewability of the action of a trial judge in granting a new trial in *City of Louisville v. Allen*, Ky., 385 S.W.2d 179 (1964). Therein we recognized these general guidelines: (1) the matter of granting a new trial is within the discretion of the trial judge, (2) he will not be reversed on appeal unless there is an abuse of discretion, (3) the appellate court is more reluctant to reverse an order granting a new trial than one denying it. In overruling to an extent the case of *Commonwealth,*

*Dept. of Highways v. Citizens Ice and Fuel Co.*, Ky., 365 S.W.2d 113 (1963), the *Allen* court said: "Even if in our opinion the record would more strongly support a different conclusion, if there is substantial reason for his decision, then he has not clearly erred." *Allen, supra* at 184. The key words are "substantial reason."

■ The written statement of the trial judge reveals that he acted without "substantial reason." His conclusion that the verdict should be voided because it was less than the appraisal made by the county court commissioners manifests plain error. According to his statement, the principal reason for voiding the verdict was his disbelief of the testimony of one of the Highway Department's appraisers. This clearly usurped the function of the jury to which the issue of weight and credibility had been committed. Therefore, the record affirmatively demonstrates that the voiding of the verdict was without "substantial reason." Since the record is clear and specific, there is no need to speculate about intangible elements "outside the record." No discretion is so broad that it does not have boundaries. In this case the boundaries were transgressed.

The decision of the Court of Appeals is affirmed, and the case is remanded to the Jefferson Circuit Court for entry of a new judgment reinstating the verdict rendered at the second trial of this case.

All concur, except CLAYTON, J., who dissents.