**Frank PRATT and Lola Pratt, Movants,**

v.

**MOUNTAIN UTILITIES COMPANY, INC., Respondent.**

Supreme Court of Kentucky.

Jan. 15, 1980.

As Modified On Denial of Rehearing April 1, 1980.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for movants.

Bert T. Combs, Robert I. Cusick, Jr., Tarrant, Combs & Bullitt, Louisville, Eugene Rice, Paintsville, Joe Hobson, Prestonsburg, for respondent.

STEPHENS, Justice.

The issue before this court is whether the trial judge, as a matter of law, abused his judicial discretion in granting a new trial on the issue of damages alone.

The movants, Frank and Lola Pratt, are the owners of a meat-packing plant located in Johnson County which was destroyed by fire in 1972. This negligence action was instituted by them against three defendants, Shale Gas Company, Consolidated Utilities, and Mountain Utilities, who were the successive owners of an allegedly defective gas line which was located under the plant and which caused the fire.

Following a jury trial, a verdict in the amount of $50,000 was returned in favor of the plaintiffs. There was no allocation in the verdict of the damages among the three defendants. On motion of the defendants, the trial judge directed the jury to amend its verdict. The jury responded by awarding the sum of $16,667.07 against each of the defendants. This verdict was entered by the court.

Subsequently, the Pratts filed a motion for a new trial solely on the issue of damages. The trial judge sustained the motion, citing as the principal reason for his action that the verdict was outside the "range of the evidence." On the new trial, the jury awarded the Pratts the sum of $110,000, based on the difference in the fair market value of the property immediately before and immediately after the fire.

An appeal was perfected to the Court of Appeals solely by Mountain Utilities Company. That court reversed and reinstated the verdict from the first jury trial. In its opinion, the court, after summarizing the evidence, held that there was a clear showing of fault—and liability—on the part of the defendant. However, the court felt

that the evidence presented by the Pratts was of such a nature that the jury did not have to accept the testimony of their witnesses. The court held that the trial judge had abused his judicial discretion in disturbing the verdict of the first trial.

The Pratts then filed a motion for discretionary review with this court. We reviewed the decision of the Court of Appeals and remanded it to the court for reconsideration in view of the case of *City of Louisville v. Allen*, Ky., 385 S.W.2d 179 (1964). The Court of Appeals reconsidered and, in its second opinion, maintained the position that the trial judge abused his discretion. We again granted discretionary review.

■ In granting the new trial on the issue of damages the trial judge actually, though perhaps inartfully, made a finding that the damages were inadequate. It is a well-established principle that inadequacy of damages is a legitimate ground on which the trial court may, in its discretion, grant a new trial. CR 59.01(d). *May v. Francis*, Ky., 433 S.W.2d 363 (1968).

In remanding this case to the Court of Appeals, we directed it to consider the case of *City of Louisville v. Allen, supra.* The opinion in that case extensively reviewed the perennial problem of the discretion of the trial judge and review of that discretion by appellate courts. The lessons of the *Allen* case are applicable to this case on the question of abuse of discretion. It is clear that trial judges should have, and do have, discretion in the granting of new trials. See *Allen, supra,* and cases cited therein at 181. There is a plethora of reasons why trial courts must have this discretion. See, for example, *Brown v. Louisville & N.R. Co.*, 144 Ky. 546, 139 S.W. 782 (1911).

In *Allen*, the court stated it well:

[T]he 'discretion' which the trial judge may exercise in passing on a motion for a new trial is nothing more or less than the right to reach a reasoned conclusion. The decisional aspect of his judicial function is involved. The intangible factor which does not appear on the record is his judicial sense of what is right, fair and just. *Id.*, at 183. (footnotes omitted).

■ The more difficult question is the role of appellate courts in reviewing the exercise of discretion by trial judges. The basic guideline for appellate review is set out in the *Allen* case:

It serves to emphasize the initial and primary role of the trial judge in determining these issues; that his decision shall be *prima facie correct* and final; and that only in rare instance when it can be said that he *has clearly erred*, i. e., abused his discretion, will he be reversed. *Id.*, at 183–84, quoting Moore's Federal Practice, Vol. 6, Sec. 59.08.

This court (and the Court of Appeals) should only review the action of the trial judge, using as a guide the basic principle that the decision of the trial judge is prima facie correct. We should not substitute our judgment for that of the judge who has conducted the trial.

■ With these principles in mind, it is clear that the trial judge *did not* abuse his discretion in granting the Pratts a new trial. At the first trial of the case, the plaintiffs produced four expert witnesses, three of whom testified that it would cost between $175,000 and $225,000 to replace the plant and its contents. One of the witnesses testified that the refrigeration equipment alone was worth $70,000. In addition, the defendant, Mountain Utilities, introduced no direct evidence of damages. Under these circumstances, it is abundantly clear that the trial judge's action in granting a new trial, based on the inadequacy of the damages, was correct and well within the scope of his judicial discretion.

Having concluded that the trial court was correct in his decision granting a new trial, we now address ourselves to the question of whether the trial judge was correct in granting the new trial on the question of *damages alone.* In *Allen*, the trial court ordered a new trial on the question of dam-

ages alone. This court reversed, stating the general principle that "We have consistently taken the view that where a new trial is granted for inadequacy of damages, the issue of negligence should likewise be resubmitted because of the interrelation of both issues." *Allen, supra*, at 185 (citations omitted).

This principle in *Allen* has, however, been modified and overruled. In *Nolan v. Spears*, Ky., 432 S.W.2d 425 (1968), we reconsidered this exception and concluded "that the cases involving inadequacy of damages should be governed by the general rule which favors the directing of limited or partial retrials except where such would result in injustice, and we discard the concept that not to retry every issue embraced in a compromise verdict would be an injustice. To the extent of conflict we overrule . . . *City of Louisville v. Allen*, Ky., 385 S.W.2d 179." *Id.*, at 428.

In the present case, the record shows that there was little or no question of liability. There is, therefore, no identifiable reason to believe the verdicts in this case were the result of compromise or that any injustice—to anyone—would be done. Under the circumstances, and using the principles of *Nolan, supra*, and CR 59.01, we rule that the trial judge's action in ordering a retrial solely on the question of damages was a proper exercise of his discretion.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur, except LUKOWSKY, J., who did not sit.