Illinois Central Ry. Co. v. Head.

---

CASE 103—ACTION BY FRED HEAD, GUARDIAN, AGAINST ILLINOIS CENTRAL RY. CO., FOR DAMAGES FOR DELAY IN FURNISHING TRANSPORTATION.—FEB. 9.

# Illinois Central Ry. Co. v. Head.

APPEAL FROM MUHLENBERG CIRCUIT COURT—S. R. CREWDSON, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

INFANTS—TITLE OF ACTION—CARRIERS—CONTRACT TO FURNISH TRANSPORTATION—DAMAGES FOR DELAY.

1. Where an action is for damages to an infant, it should be brought in his name by his statutory guardian.
2. Where a railroad company merely contracts to furnish transportation, without being notified what the trip is for, the measure of damages for its negligent delay in furnishing it is merely compensation for the loss of time and for any expense incurred during the delay.

JONSON & WICKLIFFE, FOR APPELLANT.
PIRTLE & TRABUE AND J. M. DICKINSON, OF COUNSEL.

### POINTS DISCUSSED.

1. A guardian can not sue in his own name, but the suit must be in the name of the ward, by his guardian or next friend.

Civil Code, sec. 35, sub. 1, ib. 21; McCord and Others v. Fisher's Heirs, 13 B. M., 194; Powell and Others v. Gossom, 18 B. M., 192; Anderson v. Watson, 3 Met., 509.

2. The petition was not sufficient in showing the appointment of a guardian. Kentucky Statutes, 2015, 2021.

3. The county court is a court of limited jurisdiction and the pleading ought to be such as to show jurisdiction in the court to do what it is alleged to have done  Kentucky Statutes, 1057; Gilbert v. Bassett, 9 Bush, 49; Miller v. Swan, 91 Ky., 36.

R. Y. THOMAS, JR., FOR APPELLEE.

POINTS DISCUSSED.

A guardian can sue in his own name and the suit must not necessarily be in the name of the ward by his guardian or next friend, and even should the court hold that the guardian can not sue in his own name, such defect of parties can be taken advantage of only by special demurrer. Civil Code, section 15; Civil Code, section 21; Civil Code, section 35, sub-section 1; Fenwick v. Phillips, 3d Metcalf, p. 87; Neeley v. Merritt, 9th Bush, p. 346; Shelby v. Harrison, 84th Ky., p. 148; Howard, &c. v. Singleton, &c., 22d Southwestern Reporter, p. 357; Revell's Heirs v. Claxton's Heirs, 12th Bush, p. 558; Pritchard's Exrs. v. Peace, 98th Ky., p. 90.

The petition is sufficient, showing the appointment of a guardian and the pleading need not show jurisdiction in county court to appoint such guardian, and should the court hold that the pleading ought to be such as to show the jurisdiction in the court to appoint guardian, no special demurrer having been filed in this action, such alleged defect, if any, was waived by appellant, and appellant is now estopped of claiming such defect. Warfield v. Gardner's Admr., 79th Ky., p. 586.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING.

George Head died on April 28,, 1901, at Greenville, Ky. His son Rupert Head was then in St. Louis. His son Fred Head, who was at home, on the 29th went to the uptown telegraph office to telephone out to the railroad station and ask what the fare from St. Louis to Greenville was, and was told that it was $8. By an arrangement made with the agent through one Jarvis, he paid Jarvis the $8; and,

Jarvis having told the agent that the money was deposited with him, the agent wired a ticket to St. Louis for Rupert Head, his telegram being as follows:

"Greenville, April 29.   Ticket Agent, St. Louis, Mo.: Please furnish R. Head ticket St. Louis to Greenville, Kentucky, notify when done and I will remit to cover.   T. L. Patterson."

Thereupon Fred Head sent from the telegraph office where he was uptown the following message:

"April 29, 1901.   Dated Greenville, Ky.   To R. Head, 840 Chato Ave.:   Call Illinois Central for ticket arrive here eleven to-morrow sure.   Fred Head."

The purpose of the arrangement was to get Rupert Head to Greenville in time for his father's funeral the next day, the understanding being that the connections were such that he would reach there by 11 a. m.

Patterson's telegram went to the agent at the Union Station.   Rupert Head, on getting his telegram, went to the city office of the railroad company, where he was told by the person to whom he applied, who was selling tickets, that that was the place for his ticket to be, but it had not come. This was said after he had showed the agent his telegram. He went back several times, but was each time told the ticket had not come, and, after two days' delay went down to the Union Station, with the intention of trying to come home in some other way, and found his ticket there.   He reached home after his father was buried, and this action was filed to recover damages for the delay.   Judgment was rendered against the company in the sum of $200, and it appeals.

The suit was brought in the name of "Fred Head, statutory guardian of Rupert Head, suing for the use and benefit of said Rupert Head."   The guardian had sustained no

loss by the delay of Rupert Head. The cause of action was in the infant, and should have been brought in his name by Fred Head as his statutory guardian. This seems to be what the pleader was aiming to do, and the petition may be amended so as to make Rupert Head party plaintiff, suing by Fred Head as his statutory guardian.

The court gave the jury the following instruction as to the measure of damages: The measure of damages, if any, is such a sum of money as will reasonably and fairly compensate plaintiff for any mental suffering, if any, caused to him by the negligent failure, if any, of the defendant to deliver the ticket aforesaid, if it did fail, and the mental suffering, if any, caused to him by the failure to be present at the funeral of his father." In giving this instruction the court followed the rule announced by this court in the telegraph cases where there is negligence in delivering social telegrams announcing the death or sickness of a relative, and the like. But this rule is never followed except where the telegram, on its face, shows its nature, and thereby apprises the company of its importance. It will be observed that in the case at bar there is nothing of this character. The contract which was made through Jarvis by the railroad agent with Fred Head was simply a contract to furnish transportation from St. Louis to Greenville. The ticket agent at Greenville had no authority, presumably, to make a contract to bring Rupert Head to Greenville at any specified time, and there is nothing in the record warranting the conclusion that he undertook to do so. The evidence presents simply a case where the railroad company agreed to furnish transportation, and failed to do so promptly, if Rupert Head was not guilty of contributory negligence in going to the wrong place for his ticket, and of this the jury must judge. But if the railroad company was negligent

Illinois Central Ry. Co. v. Head.

in furnishing the transportation, the measure of damages is simply a reasonable compensation for the time lost by Rupert Head and any expenses he incurred by reason thereof. Robinson v. Western Union Telegraph Company, 24 R., 452, 68 S. W., 656, 57 L. R. A., 611. In 3 Sutherland on Damages, § 936, the rule is thus stated: "If the journey is delayed there will be a loss of time, and the passenger is entitled to compensation for it, and also for any increased expense reasonably incurred during the delay, or to procure other conveyance, when necessary." The same rule is stated in 2 Sedgwick on Damages, § 863, and then this is added: "In Hamlin v. Great Northern Railway Company, 1 H. & N., 408, the plaintiff was delayed on the defendant's road so that he could not get from G. to H. in the evening, as he had intended to do. He therefore remained for the night at G., and went to H. the next morning. It was held that he could not recover for a failure to keep appointments with customers at H. He could only recover the expense of his night's lodging." If Rupert Head had, by reason of the delay, lost an option worth $100, or had reached Greenville too late to be married, such damages could not be recovered for here the damages would be too remote, and not the natural or proximate result of the defendant's act. The same rule must apply to his failure to reach his father's funeral.

Judgment reversed and cause remanded for a new trial.