## Chesapeake & Ohio Railway Company v. Case, By, et al.

(Decided April 28, 1914.)

### Appeal from Pike Circuit Court.

1. Parties—Infant Suing by Next Friend—Pleading.—In an action by an infant for personal injuries the contention that the suit is not in the name of the infant is not sustained, for the reason that the caption shows the plaintiff to be the infant, by his father, and throughout the petition the infant is treated as the real plaintiff, although the petition begins "The plaintiff, Henry Case, who sues," &c. The caption meets the requirement that the suit shall be brought in the name of the next friend, and from the body of the petition no one can mistake its purpose to have recovery for the infant.

2. Personal Injuries—Action for Injuries Resulting from Being Ejected from Train—Instructions.—In an action for personal injuries resulting from being ejected from a moving train, the instruction complained of did not assume that the Republican organization was in charge of the train. While it was made a requisite by an instruction that the jury should believe from the evidence that appellee informed the servants of the railroad company that he was on the train by invitation of the Republican committee, this was erroneous, but the error was prejudicial to the infant rather than to the appellant. If he was ejected while the train was in motion, appellant should respond in damages, whether he was on the train by invitation or not.

J. M. YORK for appellant.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Lilburn Case, a boy about fourteen years of age, instituted this action by Henry Case, his father and next

friend, suing to recover of appellant $1,500 for personal injuries. It is alleged that in a rude, insulting and boisterous manner, he was ejected from appellant's passenger train while same was in motion, and that as a result he fell ten or fifteen feet down a steep embankment, bruising his knee, and receiving some other minor personal injuries. On trial in the lower court the jury awarded appellee $500 in damages.

Since the grounds of reversal urged are, in the main, technical, it is unnecessary to enter into a detailed statement of the facts proven. Appellant's chief objection is that the plaintiff has not legal capacity to sue, and that there is a defect of parties plaintiff, or to quote from its brief: "The suit is not in the name of the infant, Lilburn Case, the party injured; but is in the name of Henry Case, the father of Lilburn Case." The caption of the petition shows the plaintiff to be "Lilburn Case, by his father and next friend, Henry Case." While it is true that the body of the petition begins, "The plaintiff, Henry Case, who sues, etc.," still throughout the petition it appears that the infant was treated as the real plaintiff. This expression frequently occurs: "The plaintiff and his father." The cause of action being in the infant, it should be brought in his name by his next friend. (I. C. Ry. v. Head, 119 Ky., 809). The caption meets this requirement, and from the body of the petition no one can mistake its purpose to have a recovery for the infant, and for injuries received by him. The appellee filed a general demurrer. This was overruled, and no objection was made to the ruling; thereupon appellee answered by controverting the alleged grounds of recovery. If the petition was bad, it was for defect of parties, and this can only be reached by special demurrer. This appellant did not file. There is, therefore, no merit in this objection.

Appellant's next objection is to instruction number one, because "it assumed that the Republican Organization had charge of the train upon which the injury was alleged to have occurred, when in fact there was no proof for this assumption." No such assumption was contained in the instruction, but the proof did show that the appellant alone had charge of the train. In either event, however, appellant had no right to eject the boy from the train while it was in motion.

Appellant next complains that instruction number one "requires the jury to believe from the evidence as a con-

dition to appellee's right to recover," that he informed appellant's servants "that he was on the train by invitation of the Republican Organization." The instruction did make this a requisite, and it was erroneous, but the error was prejudicial to the boy rather than appellant. If he was ejected from the train while in motion by appellant's servants, appellant should respond in damages for resulting injury, whether he was on the train by invitation or not.

The other objections are to instructions which appellant itself offered, and were given by the court. Certainly appellant will not be heard to complain of these.

Appellant's final objection is a general one, that the verdict is excessive. While the injuries of the boy were not serious, yet they were no doubt painful, and his mental suffering was keen, and we can hardly believe appellant is serious in this complaint.

As above indicated objection to the form of petition was waived. The other errors complained of were all prejudicial to the boy, and some of them were of appellant's own making.

The judgment is therefore affirmed.