Dorsey GARRETT, as father and next friend of Edward W. Garrett, an infant, Appellant,

v.

Robert Charles LEE, Appellee.

Court of Appeals of Kentucky.

Dec. 5, 1957.

David Bonne Smith, Smith & Shehan, Harlan, for appellant.

H. M. Brock & Sons, Harlan, for appellee.

WADDILL, Commissioner.

On December 26, 1953, an automobile driven by Edward W. Garrett collided with a truck operated by Robert Charles Lee on Highway No. 421 in Harlan County. Garrett sustained personal injuries and both vehicles were considerably damaged.

Approximately eleven months thereafter, Garrett's father filed this action on behalf of his alleged infant son seeking damages from Lee on the theory that Lee's negligence had caused the collision. The suit was styled "Dorsey Garrett, as father and next friend of Edward W. Garrett, an infant, Plaintiff v. Robert Charles Lee, Defendant."

On February 18, 1956, it was discovered that Edward W. Garrett had attained the age of 21 years on February 14, 1953, and a stipulation to that effect was filed in the action. Soon thereafter, defendant's counsel filed an amended answer alleging that Dorsey Garrett had no capacity to sue (as next friend) and was not the real party in interest because Edward W. Garrett had attained the age of 21 years prior to the commencement of the action.

After the court had permitted the amended answer to be filed, plaintiff's counsel filed a motion seeking to strike from the complaint that portion which designated "Dorsey Garrett as father and next friend." The purpose of the motion was to reform the complaint to read "Edward W. Garrett, Plaintiff."

The court sustained defendant's motion for summary judgment and dismissed the complaint on the grounds pleaded in the amended answer.

To reverse the judgment, it is urged that the designation of "Dorsey Garrett as next friend" is a mere irregularity and the court should permit it to be stricken from the complaint because Edward W. Garrett was the plaintiff and real party in interest in the suit. Appellant claims that the case of Cozine v. Bonnick, Ky., 245 S.W.2d 935, supports his argument. However, that case merely holds that the next friend's non-residency was not a fatal defect, but could be cured by the appointment of another who was a resident of this state.

 In view of the fact that Edward W. Garrett was not an infant at the time the action was filed, his father had no legal capacity to sue (as next friend) in his behalf. See, CR 17.01 and 17.03. Hence, the action was a nullity and no cause was pending before the court when Garrett's motion to strike certain portions of the complaint was filed.

Therefore, we conclude that the trial court correctly sustained the defendant's motion for summary judgment.

Judgment affirmed.

MOREMEN, C. J., and SIMS, J., dissent.