**David CALDWELL, Appellant,**

**v.**

**Gilford HOSKINS, Individually, and Gilford Hoskins, Administrator of the Estate of Eddie Hoskins, Deceased, Appellee.**

Court of Appeals of Kentucky.

March 21, 1958.

As Extended on Rehearing May 16, 1958.

Roy E. Tooms, Jr., Murray L. Brown, London, for appellant.

Will C. Hoskins, Hyden, William A. Hamm, London, for appellee.

CLAY, Commissioner.

This is a motor vehicle collision case. Plaintiff appellee, suing individually and as administrator, recovered a judgment of $16,000 against the defendant appellant. The accident happened when two coal trucks collided headon. The facts with regard to the accident are not important to the decisive question raised on this appeal.

Plaintiff Gilford Hoskins was driving a truck owned by Carl Farmer. The defendant, Caldwell, was the owner of the other truck being driven by Carl Mosley. Eddie Hoskins, plaintiff's son, who was riding with him, was killed, and Carl Mosley was killed.

The administratrix of the estate of Carl Mosley brought suit against Hoskins and Farmer. Subsequently Hoskins filed a separate action against defendant Caldwell. The two cases were consolidated for trial and numerous cross-pleadings were filed by the several parties.

On the day the consolidated actions were set for trial, the court set aside its former order, continued the Mosley case, and overruled defendant's motion for a continuance. Admittedly the matters of consolidation and continuance address themselves to the trial court's judicial discretion. It is claimed this discretion was abused.

Although several parties are involved, the ultimate question of liability in this whole controversy depends upon which driver was negligent or whether both were negligent. Such issue may best be determined in a single trial in which all of the material facts are developed. For this reason the court properly consolidated the two actions for trial by its order of November 2, 1955.

The two cases were set for trial November 26, 1956. On that day the administratrix of the estate of Carl Mosley, who had filed the first suit, without prior notice being given, moved to set aside the order of consolidation and grant her a separate trial. She also moved for a continuance on the ground that certain witnesses were not present. The court thereupon set aside his order of consolidation, reciting that it "will neither expedite the disposition of the cases nor save the litigants expenses".

Defendant then moved for a continuance on the grounds that (1) both actions should be tried together, (2) if not, the earlier action should be tried first, (3) the change in the status of the cases required revision of the pleadings, (4) counsel was not prepared to try the cases separately, and (5) material witnesses who had been subpoenaed had not been served or were not present. He also stated in his motion that an immediate trial under these circumstances would prejudice his rights and cause injustice.

CR 42.02 provides that "If the court determines that separate trials will be in furtherance of convenience or will avoid prejudice", it should order separate trials. There is no showing in this record that either of those conditions existed to support the court's order on the day of trial. On the contrary it is obvious this order was highly prejudicial to defendant.

Defendant had prepared to try these cases with all interested parties present. He had a right to rely on some sort of case being made for his driver, Carl Mosley, on the claim of the administratrix. It is apparent also that both he and the administratrix were relying on witnesses who, though subpoenaed, were not present. This was certainly a matter of surprise when the court divided the controversy in half and sent the other half home. This left defendant in a position for which he could not have been prepared.

These proceedings on the day of trial were rather unusual in many respects, and particularly because the action was taken without prior notice to defendant. The matter involves more than judicial discretion. It concerns defendant's right to reasonable notice of Mosley's motion. It involves defendant's right to a fair trial. We believe he was highly prejudiced by being forced into trial in this manner under these circumstances.

It may be that these cases should be tried separately, and the court may in its judicial discretion so order. We may point out that such separation would possibly permit each driver or his representative to recover from the owner of the other truck at two separate trials in which inconsistent verdicts could be reached. However, we do not think the court, after having ordered the cases consolidated, could properly set aside that order on the day of trial without prior notice, without sufficient reason therefor, and over the objection of the interested party.

Defendant contends that appellee as administrator was erroneously permitted to prosecute this action. It is argued that his appointment by the Leslie County Court was void because the deceased child was a resident of Clay County. The question of capacity to sue was not raised by a pleading as required by CR 9.01, but the objection was made sometime during the trial of the action. We are of the opinion that defendant waived the objection by not timely raising this collateral issue, and we cannot see how defendant has been or would be prejudiced.

The judgment is reversed with directions to grant appellant a new trial.