**Ephraim K. LAWRENCE, Jr., Ancillary
Administrator for Julie Gross, Etc.,
Appellant,**

v.

**James M. MARKS, Executor of the Estate of
H. Halbert Leet, deceased, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

As Modified on Denial of Rehearing
March 23, 1962.

Ephraim K. Lawrence, Jr., Manny H. Frockt, Louisville, for appellant.

Weldon Shouse, Shouse, Barker & Coplin, Lexington, for appellee.

CULLEN, Commissioner.

■ Leonard Gross and H. Halbert Leet were killed in a crash of Leet's private airplane in Woodford County, Kentucky. Ephraim K. Lawrence, Jr., an attorney of Louisville, having been appointed by the Woodford County Court as ancillary administrator of the estate of Leonard Gross, brought action in the circuit court of Fayette County (the county of Leet's residence) against Leet's executor, seeking damages for wrongful death. The circuit court entered summary judgment dismissing the action "because of improper party plaintiff." There is no such ground for dismissing an action but it appears that the actual ground for the dismissal here was that the plaintiff did not have capacity to sue. CR 9.01. Appealing from the judgment, the ancillary administrator asserts as the main ground of error that the trial judge abused his discretion in permitting the defendant to raise the issue of capacity to sue by an amended answer tendered some six months after the action was commenced.

Gross was killed on January 26, 1959. At that time he and his wife were attending the University of Kentucky and were living in Fayette County. In May 1959 the widow was appointed in the State of New York as administratrix of the deceased's estate, this being done on the basis that the legal domicile of the couple was in New York. In July 1959 Lawrence was appointed ancillary administrator by the county court of Woodford County, Kentucky, and on the same day he commenced the action for wrongful death. The defendant filed an answer admitting the allegations of the complaint concerning appointment of the administratrix and the ancillary administrator, denying negligence and asserting contributory negligence and assumption of risk.

As of January 29, 1960, the action had not yet been set for trial. On that day the defendant tendered an amended answer, setting forth that on February 7, 1959, the widow of Gross had been appointed admin-

istratrix of his estate by the county court of Fayette County, Kentucky; that such appointment had never been set aside; that by reason thereof the purported appointment of Lawrence as ancillary administrator was void, and he had no capacity to maintain the action. On the basis of the tendered answer with accompanying exhibits the defendant moved for summary judgment.

The plaintiff objected to the filing of the amended answer on the ground that the defendant had not acted in good faith but had deliberately withheld the tendering of his amended answer until after a year had elapsed from the date of the death, in order to be able to assert the statute of limitations against any new action. The plaintiff presented an affidavit, which was not controverted, stating that the defendant's attorney knew on February 7, 1959, of the appointment by the Fayette County Court.

The plaintiff further submitted an affidavit of the widow stating that her appointment by the Fayette County Court was at the suggestion of a Lexington bank, which had a lien on a car Gross had owned, and that the only purpose of the appointment was to enable sale of the car and withdrawal of a small bank deposit. The affidavit further stated that it was the widow's impression that the letters of administration from the Fayette County Court were limited. Such an impression appears to have had some justification because the order of appointment recited that no bond or *settlement* was required.

■ The appellee maintains that the question raised by the amended answer, of the illegality of Lawrence's appointment as ancillary administrator, was one of *jurisdiction*, which could be raised at any time. However, it is clear that the question is merely one of capacity to sue. See Caldwell v. Hoskins, Ky., 312 S.W.2d 616. An amendment raising such a question is not a matter of right.

■ Under CR 15.01 it is provided that after the expiration of 20 days from the service of an answer the defendant may amend his pleading only by leave of court or by written consent of the adverse party, but that "leave shall be freely given when justice so requires." The trial court has a broad discretion in granting leave to amend, but the discretion is not without limitations. In Clay, CR 15.01, it is stated that it should be a condition of granting leave to amend that the party seeking such leave acts in good faith. In Garrison v. Baltimore & O. R. Co., D.C.Pa.1957, 20 F.R.D. 190, the court indicated that significant factors to be considered in determining whether to grant leave to amend are timeliness, excuse for delay, and prejudice to the opposite party.

In the instant case no excuse at all was offered for the delay by the defendant in asserting the defense of lack of capacity to sue. Had the issue been raised promptly there would have been time for a new action to be brought, but if the delayed pleading is permitted to stand the estate of the decedent will have lost its cause of action completely, to its great prejudice. As concerns the matter of good faith there appears to be no basis upon which it could be contended that in deliberately waiting until the limitation statute had run before tendering his answer the defendant acted in good faith.

■ It perhaps might be argued that the plaintiff himself is not in a position to talk about good faith, since the widow knew of her Fayette County appointment as administratrix and had represented to the county court at the time of her appointment that she and her husband were domiciled in Fayette County. This might be considered as bearing on the question of whether "justice requires" the granting of leave to amend. However, the circumstances do not indicate any actual bad faith on the part of the widow. She apparently assumed that the Fayette County administration, which was initiated on advice of her bank, was merely a formality and was of temporary duration. There was justification for this belief because the order of appointment re-required no bond or settlement. In the absence of a requirement of a settlement any order of discharge at the completion of the administration would have been little more than a formality. In fact, there is room for doubt as to whether there ever was any valid appointment by the Fayette County Court or any effective qualification under that appointment, in view of the attempted waiver by the county court of the statutory requirements of a bond and a settlement. It is our opinion that the plaintiff was not estopped, by virtue of the widow's participation in and knowledge of the Fayette County administration proceedings, from objecting to the late filing of the amended answer.

■■ It is true, as held by the circuit court, that upon a showing that previously granted letters of administration are still in force, a second grant of letters of administration will be held void. But in order for a party to make such a showing he must have pleaded the illegality of the second grant. If the defendant's amended answer in the instant case was not properly acceptable by the court the defendant has no basis in pleading on which to attack the plaintiff's capacity to sue.

■ It is our opinion that the trial court abused its discretion in permitting the amended answer to be filed, and therefore erred in granting the summary judgment appealed from.

The judgment is reversed with directions for further proceedings in conformity with this opinion.