Carl J. MITCHELL, Jr., and Phillip G. Mitchell, Co–Executors of the Estate of Carl J. Mitchell, Sr., Appellants,

v.

MERCY AMBULANCE SERVICE, INC., Appellee.

No. 91–CA–2798–MR.

Court of Appeals of Kentucky.

Feb. 12, 1993.

John W. Bauman, Louisville, for appellants.

Robert M. Josephson, Louisville, for appellee.

Before HUDDLESTON, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment dismissing a complaint which sought damages resulting from alleged injuries to Carl J. Mitchell, Sr., when he was using an ambulance owned by the appellee, Mercy Ambulance Service, Inc., on September 19, 1989. The original complaint named Mr. Mitchell as the sole plaintiff and was filed April 10, 1990. Unbeknownst to Mr. Mitchell's counsel, Mr. Mitchell died two days prior to the filing of the complaint, apparently from causes unrelated to the alleged September 1989 injuries. The appellants, co-executors of Mr. Mitchell's estate, filed a motion in August 1990 to substitute them as plaintiffs and soon thereafter filed a motion for leave to file an amended complaint which added Mr. Mitchell's widow as a plaintiff. The amended complaint, naming the appellants and Mr. Mitchell's surviving spouse as plaintiffs, was ordered filed September 17, 1990. The appellee filed a motion to dismiss the action in October 1991, contending that "the suit was void ab initio" because the complaint was filed in Mr. Mitchell's name subsequent to his death, that the court had no jurisdiction to allow substitution or amendment, and that the statute of limitations passed without a revivor of an existing action. The appellants argued that the appellee waived any objection by failing to object to the substitution of parties. The court granted the motion to dismiss, and this appeal followed.

At common law, an action brought in the name of a deceased person was a nullity and was not amenable to the substitution of an existing party having the capacity to sue. 67A C.J.S. *Parties* § 58 (1978). However, with the adoption of the Rules of Civil Procedure which have an overriding policy of allowing claims to be decided on their merits, the harsh result of the common law has been moderated. This transition can be seen in cases from this jurisdiction.

In *Garrett v. Lee*, Ky., 307 S.W.2d 762 (1957), the father of a child who had reached the age of majority filed a complaint as his son's next friend. The Court held that dismissal of the portion of complaint filed by the father as next friend was proper because the father had no capacity to sue as next friend for his adult son. The court stated that the action was a nullity. 307 S.W.2d at 763. *Garrett v. Lee*, however, was overruled in *McBride v. Moss*, Ky.,

437 S.W.2d 726 (1969), where the Court related that the spirit of the Civil Rules was to settle controversies on their merits. The Court stated that substitution was permissible where the cause of action is the same and the substituted parties bear some relation to the original party. 437 S.W.2d at 728 (citation omitted).

█ In this case, the appellants stated no new cause of action in the amended complaint and his estate obviously bore a relationship to the decedent.[1] We hold that the amended complaint naming the appellants as plaintiffs and asserting the same cause of action as the originally-filed complaint within one year of the alleged injury was properly filed.

The circuit court judgment is reversed and action is remanded for proceedings consistent with this opinion.

All concur. .

---

1. We need not reach the validity of the amended complaint as it relates to the cause of action pled by Mr. Mitchell's surviving spouse because she is not a party to the appeal.