RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1071-MR

NATHAN TORIAN, INDIVIDUALLY,
AND AS A REPRESENTATIVE OF A
CLASS OF SIMILARLY SITUATED
PERSONS COMPRISING THE
UNINCORPORATED LABOR
ORGANIZATION, THE
INTERNATIONAL ASSOCIATION
OF FIRE FIGHTERS, LOCAL 168                                    APPELLANT


                    APPEAL FROM MCCRACKEN CIRCUIT COURT
v.              HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE
                         ACTION NO. 21-CI-00490


CITY OF PADUCAH, KY; CAROL C.
GAULT, IN HER OFFICIAL
CAPACITY AS CITY
COMMISSIONER; DAVID GUESS, IN
HIS OFFICIAL CAPACITY AS CITY
COMMISSIONER; GEORGE P.
BRAY, IN HIS OFFICIAL CAPACITY
AS MAYOR, PADUCAH, KY;
PADUCAH CITY COMMISSION;
RAYNARLDO HENDERSON, IN HIS
OFFICIAL CAPACITY AS CITY
COMMISSIONER; SANDRA
WILSON, IN HER OFFICIAL
CAPACITY AS CITY
COMMISSIONER AND MAYOR
PRO-TEM; AND STEVE KYLE, IN

HIS OFFICIAL CAPACITY AS FIRE
CHIEF                                                                                          APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Nathan Torian, individually, and as a representative of a class of similarly situated persons comprising the unincorporated labor organization, the International Association of Fire Fighters, Local 168 ("Appellant"), appeals from an order of the McCracken Circuit Court granting summary judgment in favor of City of Paducah, *et al.* ("Appellees"). Appellant argues that the circuit court erred in failing to conclude that Kentucky Revised Statutes ("KRS") 311A.027(1) preempts a local ordinance requiring Paducah firefighters to live in McCracken County or within 45 minutes of Station 4.  After careful review, we find no error and affirm the order on appeal.

**FACTS AND PROCEDURAL HISTORY**

Paducah Ordinance §2-304 ("the ordinance") requires that as a condition of their employment, all members of the City of Paducah fire department hired after October 1, 1998, shall reside within McCracken County or within 45 minutes of Station 4 as measured by a recognized mapping program.  Appellant is

a City of Paducah firefighter and representative of the International Association of Fire Fighters, Local 168.

On July 2, 2021, Appellant filed the instant action in McCracken Circuit Court against Appellees, *i.e.*, the City of Paducah, the Mayor, various Commissioners, and the Fire Chief, seeking a declaration of rights and an injunction barring enforcement of the ordinance. Specifically, Appellant asserted that KRS 311A.027(1), which provides that no "emergency medical service first response provider" may have an employee residency requirement, preempts the ordinance establishing a residency requirement for Paducah fire department employees. Appellant argued that City of Paducah firefighters qualify as employees of an emergency medical service first response provider because the firefighters are required to be certified and/or licensed by the Kentucky Board of Emergency Medical Services as emergency medical services personnel. Being so qualified, Appellant argued that KRS 311A.027(1) preempts the ordinance.

The matter proceeded in McCracken Circuit Court, and Appellees filed a motion for summary judgment on September 10, 2021. On August 22, 2022, the McCracken Circuit Court entered an order granting Appellees' motion. In support of the order, the circuit court determined that KRS Chapter 311A, titled "Emergency Medical Services," deals entirely – and exclusively – with emergency medical services. The court found that City of Paducah firefighters are not

emergency medical services personnel subject to KRS Chapter 311A. Rather, the court determined that City of Paducah firefighters' primary role is fighting fires, with any medical training or certification being ancillary to their primary duties. The court went on to find that the statutory requirements governing fire departments and firefighters are found exclusively in KRS Chapter 95, titled "City Police and Fire Departments." This Chapter, the court found, contains no prohibition against residency requirements for police officers or firefighters. The court rejected Appellant's argument that City of Paducah firefighters fall within the class of persons subject to KRS Chapter 311A, and sustained Appellees' motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, of any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party

will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant now argues that the McCracken Circuit Court erred in granting Appellees' motion for summary judgment. While acknowledging that the phrase "publicly funded emergency medical service first response provider" is not defined in KRS Chapter 311A, Appellant asserts that the Paducah Fire Department is such a provider because every Paducah firefighter is required to have some level of medical training and/or certification. Since, in his view, the Paducah Fire Department is subject to KRS 311A.027(1) as a medical service first response provider, it follows that the statute's language barring residency requirements preempts the residency requirements for firefighters set out in the ordinance. Appellant argues that the circuit court improperly interpreted KRS 311A.027(1) by implicitly adding limiting language not found in the statute. Instead, Appellant contends that the court should have interpreted the statutory language on its plain

terms, and found that the Paducah Fire Department is a medical service first response provider subject to the terms of KRS Chapter 311A. Appellant requests an opinion reversing the order on appeal and remanding the matter for further proceedings.

KRS 311.027 states,

(1) No public agency, tax district, or other publicly funded emergency medical service first response provider or licensed ambulance service shall have a residence requirement for an employee of or volunteer for the organization.

(2) The provisions of subsection (1) of this section shall not preclude an employer or agency specified in subsection (1) of this section from having a requirement for response to a specified location within a specified time limit for an employee or volunteer who is off duty but who is on call to respond for work.

The first question for our consideration is whether the McCracken Circuit Court properly determined that the Paducah Fire Department is not a "public agency, tax district, or other publicly funded emergency medical service first response provider or licensed ambulance service[.]" *Id.* The parties agree that the Paducah Fire Department is not a public agency, tax district, or licensed ambulance service. As to whether the Paducah Fire Department is a "publicly funded emergency medical service response provider," we find persuasive the circuit court's reasoning that the primary duty of Paducah firefighters is not emergency medical service, but rather fighting fires. This conclusion is supported

by the record. While testimony was adduced that many runs made by Paducah firefighters involve automobile accidents or other incidents involving personal injury, and though Paducah firefighters have some level of medical training or certification in addition to their firefighting training, the record supports the circuit court's conclusion that the Paducah Fire Department is a firefighting department and not a medical service response provider per KRSA 311A.027(1). This conclusion is bolstered by the Legislature's enactment of KRS Chapter 95, titled "City Police and Fire Departments," which contains no prohibition against residency requirements for fire departments.

The second issue raised by Appellant is whether Paducah firefighters are "on call to respond for work" within the meaning of KRS 311A.027(2). As noted above, this subsection provides that the prohibition against residency requirements for employees or volunteers of an emergency medical service does not apply to employees or volunteers who are on call to respond to work while off duty. Appellant argues that Paducah firefighters are not on call to respond to work while off duty; therefore, they are not persons excluded from KRS 311A.027(1) by subsection (2).

In its order granting summary judgment, the McCracken Circuit Court expressly determined that it would not consider this issue because the Paducah Fire Department was not subject to the provisions of KRS 311A.027(1). "The Court of

Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citations omitted). Though the issue of Paducah firefighters' on call status was raised and extensively argued below, but the circuit court did not decide this issue because it was rendered moot when the court found that Paducah firefighters were not subject to KRS 311A.027(1). Per *Tackett*, this leaves us nothing to review on this issue.

Lastly, Appellant argues that the circuit court erred in allowing Appellees to amend their Answer after the summary judgment motion was briefed. Appellant contends that this amendment occurred too late in the proceedings and constituted an abuse of discretion.

CR 15.01 states,

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"The trial court has a broad discretion in granting leave to amend, but the discretion is not without limitations." *Lawrence v. Marks*, 355 S.W.2d 162, 164 (Ky. 1961). The party seeking amendment must act in good faith and the court

should consider the motion's "timeliness, excuse for delay, and prejudice to the oppos[ing] party." *Id.* Discretion allows a court "to make a decision – of *its* choosing – that falls within a range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004) (internal quotation marks, footnote, and citation omitted) (emphasis in original). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

The order granting Appellees' motion to amend their Answer was entered on January 26, 2022. Subsequent pleadings filed by both parties centered on the question of whether the Amended Answer withdrew Appellees' prior alleged judicial admission that Paducah firefighters were subject to voluntary, rather than mandatory, call backs per KRS 311A.027(2). Having determined that the application of KRS 311A.027(2) is moot, we conclude that the McCracken Circuit Court did not abuse its discretion in granting leave to file an Amended Answer. In other words, while the Amended Answer may have raised a new issue on the question of call backs, that issue became moot when the circuit court later determined that KRS 311A.027(1) did not apply to Paducah firefighters. The filing of the Amended Answer did not prejudice Appellant. We find no basis for

concluding that the McCracken Circuit Court abused its discretion in granting leave to file an Amended Answer, and thus no error.[1]

## CONCLUSION

When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, *Steelvest, Inc.*, *supra*, we conclude that the trial court correctly found that there were no genuine issues as to any material fact and that Appellees were entitled to judgment as a matter of law. *Scifres*, *supra*. For these reasons, we affirm the order of the McCracken Circuit Court.

GOODWINE, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Peter J. Jannace
Louisville, Kentucky

BRIEF FOR APPELLEE:

Stacey A. Blankenship
Kristen N. Worak
Paducah, Kentucky

---

[1] Appellant also seeks to rebut an argument raised by Appellees before the circuit court, to wit, that Appellant's interpretation of KRS 311A.027(1) would lead to an absurd result. This argument was not addressed by the McCracken Circuit Court in its order granting summary judgment.